**GUTRIDE SAFIER LLP**

Seth A. Safier (State Bar No. 197427)
  seth@gutridesafier.com
Marie A. McCrary (State Bar No. 262670)
  marie@gutridesafier.com
Hayley A. Reynolds (State Bar No. 306427)
  hayley@gutridesafier.com
Kali R. Backer (State Bar No. 342492)
  kali@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile:  (415) 449-6469

Patrick J. Branson (pro hac vice)
  patrick@gutridesafier.com
305 Broadway, 7th Floor
New York, NY 10007
Telephone: (415) 639-9090
Facsimile:  (415) 449-6469

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN GABRIELLI and JAIME AYALA, individuals, on behalf of themselves, the general public, and those similarly situated, | Case No. 4:25-cv-00631-HSG |
| | **PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE** |
| Plaintiffs, | |
| | Hon. Haywood S. Gilliam, Jr. |
| v. | |
| | Hearing Date: June 5, 2025 |
| UPBOUND GROUP, INC. AND RENT-A-CENTER, INC., | Hearing Time: 2:00 PM |
| | Courtroom: Courtroom 2, 4th Floor |
| Defendants. | |

PLS.' REQUEST FOR JUDICIAL NOTICE ISO OPP'N TO MTD
CASE NO. 4:25-cv-00631-HSG

### REQUEST FOR JUDICIAL NOTICE

Pursuant to Federal Rule of Evidence 201, Plaintiffs Jonathan Gabrielli and Jaime Ayala hereby request that that Court take judicial notice of the following exhibits submitted in connection with Plaintiffs' concurrently filed opposition to Defendants Upbound Group, Inc. and Rent-A-Center, Inc. (collectively "RAC")'s motion to dismiss.

- Attached as **Exhibit 1** is a true and correct copy of web pages displaying Defendants' Privacy Policy (last updated December 15, 2023) taken from Defendants' Rent-A-Center Website.

- Attached as **Exhibit 2** is a true and correct copy of web pages displaying Defendants' California Privacy Policy (last updated April 17, 2023) taken from Defendants' Rent-A-Center Website.

### ARGUMENT

Federal Rule of Evidence 201 authorizes courts to take judicial notice of any fact that is "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)(2). On a motion to dismiss, the court may take judicial notices of certain matters outside the pleadings. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).

"Under the doctrine of incorporation by reference, the Court may consider documents whose contents are alleged in the complaint, provided the complaint 'necessarily relies' on the documents, the document's authenticity is uncontested, and the document's relevance is uncontested. *Love v. Int'l Hotel Assocs. No. 2 LLC*, No. 20-cv-08689-HSG, 2021 U.S. Dist. LEXIS 189091, at *6 (N.D. Cal. Sep. 30, 2021) (Gilliam, J.).

Here, the Complaint contains several quotations from RAC's Privacy Policy. *See* Class Action Complaint ("CAC"), ECF 1 ¶ 31. That Privacy Policy also explicitly incorporates the California Privacy Policy. *See* Ex. 1 at 1. Plaintiffs rely on the reference to the Privacy Policy to establish how RAC programmed its Website to enable third parties to attach cookies to Plaintiffs' and Class members' browsers and devices and transmit private communications to those third parties. CAC ¶¶ 20–31. Although the facts contained in the Privacy Policy and California Privacy

Policy may be subject to dispute, the fact of these policies cannot be uncontested. Indeed, these are RAC's own statements from its Website. And "[w]ebsites and their contents may be proper subjects for judicial notice." *Love*, 2021 U.S. Dist. LEXIS 189091, at *6 (citing *Threshold Enterprises Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020) (collecting cases) and *Wible v. Aetna Life Ins. Co.*, 375 F. Supp. 2d 956, 965 (C.D. Cal. 2005) (recognizing that "websites and their contents may be proper subjects for judicial notice" where party "supplied the court with hard copies of the actual web pages of which they sought to have the court take judicial notice").

Finally, the Privacy Policy and California Privacy Policy are relevant to the Court's consideration of whether it has specific personal jurisdiction over RAC. RAC has challenged whether Plaintiffs' have "alleged facts showing Defendants expressly aimed their activities at California, sufficient to establish purposeful direction under the *Calder* test." Motion to Dismiss ("Motion"), ECF 14, at 12. Specifically, RAC argues that operating an interactive website—such as the websites at issue in this litigation—is insufficient by itself to establish express aiming. *Id.* Rather, RAC argues that Plaintiffs must establish "something more" than just operating a website to find a defendant has expressly aimed its activities at the forum. *Id.* As described in their opposition to the Motion, Plaintiffs have established the "something more" element of express aiming under controlling Ninth Circuit caselaw. *See* Pls.' Opp'n to Mot. to Dismiss, at 13–14; *Briskin v. Shopify, Inc.*, 22-15815, at 11 (9th Cir. Apr. 21, 2025) (*en banc*) (holding that that defendant expressly aimed their conduct where the allegedly tortious actions deliberately targeted plaintiff in California). Here, the existence of the Privacy Policy—including language specific to California consumers—and the California Privacy Policy further support Plaintiffs' showing of express aiming. Moreover, although RAC does challenge whether its actions "caused harm that it knew was likely to be suffered in the forum," (Yahoo!, 433 F.3d 1199, 1206 (9th Cir. 2006) (internal citation omitted)), the existence of the Privacy Policy—including language specific to California consumers—and the California Privacy Policy indicate that, at a minimum, RAC knew that California-based users would access its Websites.

Accordingly, the Court should grant Plaintiffs request for judicial notice.

1615300989.2

Dated: April 21, 2025                    **GUTRIDE SAFIER LLP**


*/s/Patrick J. Branson*
Seth A. Safier (State Bar No. 197427)
  seth@gutridesafier.com
Marie A. McCrary (State Bar No. 262670)
  marie@gutridesafier.com
Hayley Reynolds (State Bar No. 306427)
  hayley@gutridesafier.com
Kali R. Backer (State Bar No. 342492)
  kali@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile:  (415) 449-6469

Patrick J. Branson (*pro hac vice*)
  patrick@gutridesafier.com
305 Broadway, 7th Floor
New York, NY 10007
Telephone: (415) 639-9090
Facsimile:  (415) 449-6469

*Attorneys for Plaintiffs*

PLS.' REQUEST FOR JUDICIAL NOTICE ISO OPP'N TO MTD
CASE NO. 4:25-cv-00631-HSG

1615300989.2